## Albert B. Harris v. Michael C. McDonald.

1. RES ADJUDICATA—*Former Appeals.*—Where the allegations of a bill have been determined upon an appeal from an interlocutory order granting an injunction in the same suit, this court has no disposition to overrule the law as laid down in the opinion of the court on such appeal.

**Bill for an Injunction.**—Appeal from the Circuit Court of Cook County; the Hon. ELBRIDGE HANECY, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1900. Affirmed. Opinion filed January 29, 1901.

COOKE & UPTON, attorneys for appellant.

EDWARD MAHER, attorney for appellee.

MR. PRESIDING JUSTICE SHEPARD delivered the opinion of the court.

The allegations of the bill are fully set forth in the state-

ment preceding the opinion in this same case when it was before the other division of this court, on appeal from the interlocutory order granting a temporary injunction (79 Ill. App. 639), and they may be there seen. Upon the final hearing by the Circuit Court, a decree was entered in favor of appellee, finding (as shown by the abstract) :

" That all the material allegations of the bill were true; that Hogan and Harris, without the knowledge of McDonald, entered into an agreement that although the lease for premises number 336 State street provided that the same should be used for a saloon, restaurant and European hotel, that it was, nevertheless, understood that the premises should be used for carrying on a public gambling business, and that, in fact, they were used during the whole period of occupancy by said Hogan under said lease from Harris, dated February 17, 1891, and providing for the possession of premises 336 South State street for a term, etc., and that the premises in question during the entire period of occupancy from May 1, 1891, to May 1, 1896, at which time said Hogan abandoned and gave up possession, were in open, public and notorious use as a gambling house, and that therein were played divers games of chance called faro, roulette, hazard, etc., with dice, cards, wheels, and the like. That on divers occasions Harris was present in the gambling room or rooms on said premises during the existence of said lease, and while the premises were in the occupancy of said Hogan, and saw and had opportunity to see gambling by various devices being carried on openly, with players surrounding the table, and money, checks or chips in sight, and being wagered, won and lost during the progress of the gambling games.

That said McDonald had no knowledge whatever of the existence of the agreement in question between Hogan and Harris providing for the carrying on of gambling upon the premises, and did not become acquainted with the existence of said agreement until after the decision of the case of McDonald, appellant, v. Harris, appellee, in the Appellate Court.

That McDonald signed his name to the guaranty on the lease in June or July, 1891, and that neither before nor at the time, nor after said time, did he receive from Harris or any one any consideration whatever for the making and execution of said guaranty, and said guaranty was wholly without consideration.

That a writ of *fi. fa.* issued from the Superior Court in the suit of Harris against McDonald on a judgment on the guaranty of said lease, the judgment being affirmed by the Appellate Court after a remittitur had been entered by said Harris, and that under the direction of said Harris, Pease, sheriff, etc., levied said *fi. fa.* upon lot 55, etc. That said real estate was sold by said sheriff to satisfy said judgment for the sum of $500, and said sheriff issued a certificate of sale to Harris, who purchased said land at said sale.

That said Harris was about to commence another suit for the purpose of collecting an unpaid balance, etc.

That the court further found and concluded that the agreement between said Hogan and Harris referred to was contrary to public policy and in violation of section 135 of chapter 38 of the Criminal Code of the State of Illinois.

The decree then recites that it was ordered, adjudged and decreed that the judgment obtained in the Superior Court, etc., in the case of Harris, plaintiff, against McDonald, defendant, and the judgment in the same case in the Appellate Court, First District, etc., be and the same were thereby set aside, vacated and held for naught because of the aforesaid illegal agreement between the said Harris and the said Hogan, and that the certificate of sale issued by Pease, sheriff, etc., to said Harris, conveying said real estate, etc., be surrendered up by said Harris for cancellation, etc. That said Harris, his agents, etc., be and were thereby restrained from any further proceedings by the issuance of writs of *fi. fa.* or otherwise, under a judgment obtained in the suit of Harris v. McDonald, Gen. No. 165,004, in the Superior Court, etc., and Gen. No. 7,922 in the Appellate Court, etc., and that said Harris be and thereby was restrained by the order, etc., of said court from beginning any more suits for the collection of any sums of money claimed to be due or to become due under the guaranty of said McDonald on the lease signed by Hogan and Harris, covering the premises No. 336 South State street, etc."

We have examined the evidence with much care, and think it fully supports the findings of the decree. The allegations of the bill having been determined, on the appeal from the interlocutory order (79 Ill. App. 639), to be sufficient to support the relief prayed for, and our opinion being that the evidence taken on the final hearing fully

supports the allegations of the bill and the findings of the decree, but little, if anything, is left to be added.

It would be impossible to reverse this decree without overruling the law as laid down in the opinion by Mr. Justice Adams upon the former appeal, *supra*, which we have no disposition to do. The views there expressed are fully concurred in by us and we refer to that opinion for the law of this case. Affirmed.